## AXELBANK v. UNITED STATES.

### No. 10775.

United States Court of Appeals
District of Columbia Circuit.
Submitted Jan. 10, 1951.

Decided Jan. 18, 1951.

Mr. Sol M. Alpher, Washington, D. C., with whom Mr. Louis E. Spiegler, Washington, D. C., was on the brief, submitted on the brief, for appellant.

Mr. Richard M. Roberts, Asst. U. S. Atty., Washington, D. C., with whom Messrs. George Morris Fay, U. S. Atty., and Arthur J. McLaughlin and Joseph M. Howard, Asst. U. S. Attys., Washington, D. C., were on the brief, submitted on the brief, for appellee.

Mr. Jerome Powell, Asst. U. S. Atty., Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, PROCTOR and FAHY, Circuit Judges.

PER CURIAM.

Appellant was convicted of falsely representing, with intent to defraud, that he was an agent for the Office of Naval Intelligence and of acting as such agent, in violation of the first part of § 912, c. 43 of Title 18, U.S.C.A., approved June 25, 1948, effective September 1, 1948. His appeal urges reversal because the court (1) failed to direct a verdict of acquittal on the grounds that (a) those to whom the alleged representations were made did not believe his pretense, and (b) he committed no overt act; (2) refused to charge that if the representations were made in good faith upon belief reasonably entertained defendant was not guilty; and (3) refused to charge that the fact that FBI agents have testified for the prosecution is no sign in itself that defendant is guilty and such testimony must be weighed in the same manner as that of any other witness.

We need not go into the question whether it is essential that those to whom the representations are made believe them, because the evidence was entirely sufficient to go to the jury on this and all other questions regarding the representations. We are of like mind as to the sufficiency of the evidence on the factual issue whether the accused acted as, in addition to representing himself to be, an officer of the United States. Further, the court was not required to give an instruction that the jury should acquit if the accused made the representations in good faith, because the evidence did not warrant such an instruction. Finally, it was not error to refuse to give the requested instruction as to the weight to be given the testimony of FBI agents, particularly since the court adequately instructed the jury with respect to questions of credibility of witnesses.

Finding no error the judgment is
Affirmed.